## LAUB v. O'BANNON, District Judge.

No. 27894. Feb. 15, 1938.

A. L. Emery, for petitioner.

James M. Hays, for respondent.

CORN, J. This is an original proceeding wherein C. W. Laub prays the issuance of a writ of prohibition against S. L. O'Bannon, Judge of the Ninth Judicial District of Oklahoma, to prohibit him, as judge of said court in and for Okmulgee county, from interfering with the due and lawful execution of the judgments and orders of said court in actions Nos. 19249 and 20265, on the ground that said judgments have become final and the court is without jurisdiction to interfere with the execution of writ of assistance in the former, which is an action to foreclose a mortgage on real property, the latter being an independent action to determine the rights of a claimant who was not a party to the first action.

The petitioner, for the purpose of showing bias and prejudice and arbitrary action on the part of the respondent, sets out in his petition the history of the litigation, a brief synopsis of which is as follows:

On December 6, 1934, the trial court, Judge C. E. B. Culter, presiding, rendered judgment in favor of petitioner and against C. R. Nelson and Mitchell Walker foreclosing a mortgage and mechanic's lien against certain real property, and on August 5, 1935, the property was sold at sheriff's sale and the petitioner became the purchaser, and the sale was confirmed by respondent on September 7, 1935, and on December 7, 1935, sheriff's deed was executed and delivered to petitioner and a writ of assistance was issued to the sheriff.

On January 6, 1936, the respondent entered a suspension order, restraining the sheriff from executing the writ of assistance, on motion to vacate said judgment, filed by one C. Nelson who claimed to be the owner of part of the property. On January 30, 1936, the respondent denied the motion to vacate, but expressed his regret that he could not legally sustain the same, and at that time made uncomplimentary remarks about petitioner, and suggested to counsel for the said C. Nelson that relief against said judgment could be had in an independent action, and wrote into the order denying said motion the following:

"Without prejudice to the right of bringing such action as he may be entitled to for the purpose of determining his (C. Nelson) rights, if any, in the lands involved in this action."

On February 5, 1936, C. Nelson filed his independent action. After the issues were joined, petitioner objected to respondent's presiding at the trial of the cause, and thereupon, by agreement of counsel, the cause was assigned to Judge Arthur Cochran for trial. On June 9, 1936, the respondent again suspended the alias writ of assistance on a motion to vacate said judgment filed by Mitchell Walker and Willie Walker, his wife. Petitioner objected to respondent's presiding at the hearing upon said motion to vacate the judgment, and by agreement of counsel, the said motion was assigned to Judge J. Harvey Smith for hearing; the same was overruled and denied on March 9, 1936, and no appeal was prosecuted. On September 26, 1936, in the independent action filed by C. Nelson, judgment was rendered in favor of petitioner and against C. Nelson by Judge Cochran, in which the court made the following finding:

"* * * The court finds that the judgment rendered by this court in action number 19249 wherein C. W. Laub is plaintiff and C. R. Nelson and others are defendants is a valid and subsisting judgment and binding on the plaintiff herein, C. Nelson. * * *"

On December 18, 1936, in said independent action, Judge Cochran denied a motion for a new trial filed by counsel of record, and also denied another motion for a new trial filed by C. Nelson's new counsel, James M. Hays, Jr. Notice of appeal was given and time allowed to make and serve case-made, but no appeal was ever prosecuted and the judgment in that action became final. On January 18, 1937, and after the judgment against C. Nelson in the independent action became final and the order of the court denying the Walker motion to vacate the judgment in the foreclosure action had long since become final, a second alias writ of assistance was issued, commanding the sheriff to place petitioner in possession of the premises under his sheriff's deed. On March 2, 1937, the respondent, for the third time, restrained and enjoined the sheriff from proceeding under said writ, on application for injunction filed by C. Nelson by his said attorney, James M. Hays, Jr., and James M. Hayes, Sr. No notice of any kind was given to petitioner or his attorney of record. The restraining order commanded:

"It is, therefore, ordered, adjudged that the application of the plaintiff (C. Nelson) be and it is hereby sustained and he is granted an order that the defendants (petitioner and others) and sheriff of Okmulgee county, their agents or servants, from proceedings under the writ of assistance in No. 19249, aforesaid, or in otherwise interfering with the possession of the property involved herein, until the further order of this court."

This restraining order was issued in the independent action which had been assigned to Judge Cochran for the reasons aforesaid. On April 23, 1937, Judge Cochran denied a temporary injunction, vacated the restraining order, and dismissed the application. No appeal was prosecuted. On April 28, 1937, a third alias writ of assistance was issued in the original action commanding the sheriff to oust C. Nelson, C. R. Nelson, Mitchell Walker, and Willie Walker from the premises. On April 30, 1937, C. Nelson, by his attorney, James M. Hays, Jr., presented to the respondent a motion to recall the writ, and for the fourth time the respondent restrained and enjoined the sheriff from executing the writ, and at the same time entered the following order:

"It appearing to the court that James M.

Hays, Jr., is not conversant with the facts sufficient to proceed, the court is of the opinion that the motion should be sustained to the extent that nothing further be done in this case until James M. Hays, Sr., returns and is able to present the matter to the court."

The reason given by respondent for issuing the last restraining order was that the said C. Nelson had alleged in his application for the injunction that the said C. W. Laub had fraudulently procured the reformation of the mortgage foreclosed, said reformation including in the mortgage the lot claimed by the said C. Nelson, which alleged fraud he had not discovered until March 2, 1937.

It appears from the record that the judgment alleged to have been procured by fraud was rendered more than two years prior to the commencement of the proceedings to vacate it, and that such proceedings were barred by the statute of limitations, as provided by section 563, O. S. 1931, by reason of not having been brought within two years from the date of the rendition of said judgment.

It therefore clearly appears that here is an unauthorized application of judicial power which should be prohibited.

Writ granted.

All the Justices concur.